UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE TAYLOR and LISA MARQUARDT,<br><br>    Plaintiffs<br><br>v.<br><br>STEVE SISOLAK,<br><br>    Defendant | Case No.: 2:21-cv-01978-APG-VCF<br><br>**Order Denying Motion for Default Judgment**<br><br>[ECF No. 14] |

Plaintiffs Bonnie Taylor and Lisa Marquardt move for default judgment against defendant Steve Sisolak. I deny the motion because the plaintiffs must first move for a clerk's entry of default under Federal Rule of Civil Procedure 55(a).

More importantly, the plaintiffs have not shown proper service on Sisolak. The plaintiffs purported to serve Sisolak by means of certified mail, but that is insufficient under Federal Rule of Civil Procedure 4. The plaintiffs refer in their petition to Nevada Revised Statutes § 155.050 as allowing service by certified mail. ECF No. 1 at 1. But that section applies to giving notice in relation to probating a will of a deceased person. *See* Nev. Rev. Stat. §§ 155.040, 155.050. Because the plaintiffs have not properly served Sisolak in the time required by Rule 4(m), I order the plaintiffs to show cause why this action should not be dismissed without prejudice for failure to timely serve Sisolak.

I THEREFORE ORDER that the plaintiffs' motion for default judgment **(ECF No. 14) is DENIED**.

I FURTHER ORDER that **by April 1, 2022**, the plaintiffs shall show cause why this action should not be dismissed without prejudice for failure to timely served defendant Steve

Sisolak.  Failure to respond to this order by that date will result in this case being dismissed without prejudice.

DATED this 2nd day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE