1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                            DISTRICT OF NEVADA

7

8     BONNIE TAYLOR and LISA MARQUARDT,              Case No. 2:21-cv-01978-CDS-VCF

9                        Plaintiffs,

                                                     ORDER DENYING REQUEST FOR
10         v.                                        ENTRY OF DEFAULT

11    STEVE SISOLAK,                                 [ECF No. 16]

12                       Defendant.

13    ────────────────────────────────

14         Plaintiffs Bonnie Taylor and Laura Marquardt filed a Petition for Writ of Mandamus

15    against Defendant Steve Sisolak on October 27, 2021. ECF No. 1. On February 22, 2022, Plaintiffs

16    filed a Request for Default Judgment, with an attached Certificate of Service. ECF No. 14. On

17    March 2, 2022, United States District Court Judge Andrew P. Gordon issued an order denying

18    the motion, and further ordering the plaintiffs to show cause, by April 1, 2022, why the action

19    should not be dismissed for failure to timely serve the Defendant. Pursuant to the order, failure to

20    respond by that date would result in this case being dismissed without prejudice. ECF No. 15 at

21    ¶4.

22         On March 8, 2022, the Plaintiffs filed the Request for Entry of Default and Affidavit for

23    Entry of Default presently before the Court. ECF No. 16.  As previously noted by Judge Gordon,

24    the Plaintiffs erroneously rely on Nevada Revised Statutes § 155.050(a) allowing service by

25    certified mail. *Id* at ¶2(a). This does not constitute proper service pursuant to Federal Rule of

26    Civil Procedure 4.

27         Plaintiffs had until April 1, 2022, to respond to the order to show cause. To date, the

28    Plaintiffs have not provided proof of service in accordance with Rule 4(m) of the Federal Rules of

1  Civil Procedure. Further, Plaintiffs failed to file any response on or before that date or request an

2  extension to do so. *See* Docket. "[A] plaintiff's failure to serve process in a timely manner may . . .

3  amount to a failure to prosecute . . . and a district court may dismiss an action on this ground."

4  *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir. 1980).

5        IT IS THEREFORE ORDERED that the Plaintiffs' Request for Entry of Default [ECF No.

6  16] is **DENIED**.

7        IT IS FURTHER ORDERED that this action is **DISMISSED without prejudice** for failure

8  to properly serve the Defendant in the time required by Rule 4(m) of the Federal Rules of Civil

9  Procedure, and for failure to show cause why the action should not be dismissed.

10        The Clerk of the Court is directed to close this case.

11        DATED this 13th day of May, 2022.

12

13

14  _____

15  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28